UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

**BAIS YAAKOV OF SPRING VALLEY,** on
behalf of itself and all others similarly situated**,**

                Plaintiff-Respondent,          **Docket No. 14-8005**

      -vs.-

**ACT, INC.,**

               Defendant-Petitioner.

**BAIS YAAKOV OF SPRING VALLEY'S ANSWER TO ACT, INC.'S
PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. §
1292(b) AS CERTIFIED BY THE DISTRICT COURT ON JANUARY 22,
2014**

BELLIN & ASSOCIATES LLC
By: Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff-Respondent*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed R. App. P. 26.1 Bais Yaakov of Spring Valley hereby states that it is a New York religious corporation.  Bais Yaakov of Spring Valley has no parent corporation, and no publicly held corporation owns any stock in Bais Yaakov of Spring Valley.

/s/ Aytan Y. Bellin
Aytan Y. Bellin
Attorney for Bais Yaakov of Spring Valley

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ..............................................................................1

SUMMARY OF ARGUMENT ..............................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ...............................3

    A.    Defendant's Motion for Subject Matter Jurisdiction and Plaintiff's Response ............................................................................6

    B.    The District Court's Decision on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ...................................................11

    C.    Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b).............................................................................11

    D.    The Court's Decision on Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b).........................................................12

POINT

    THIS COURT SHOULD DENY PETITIONER'S REQUEST TO APPEAL ...................................................................................16

CONCLUSION .................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A Aventura Chiropractic Center, Inc. v. Med Waste Management LLC*,
No. 12 CV 21695, 2013 WL 3463489 (S.D. Fla. July 2, 2013) ........................18

*Bais Yaakov of Spring Valley v. Alloy, Inc.*,
936 F. Supp.2d 272 (S.D.N.Y. 2013) ................................................................18

*Bell v. Hood*,
327 U.S. 678 (1946) .................................................................................9, 10, 17

*F.A.A. v. Landy*,
705 F.2d 624 (2d Cir.) cert. den., 464 U.S. 895 (1983) ....................................8, 9

*Ortiz De Orroyo v. Barcelo*,
765 F.2d 275 (1st Cir. 1985) ............................................................................17

*U.S. v. Ward Baking Co.*,
376 U.S. 327 (1964) ....................................................................................15, 19

*United States v. Stanley*,
483 U.S. 669 (1987) .......................................................................................3, 19

*Vandervort v. Balboa*,
287 F.R.D. 554 (C.D. Cal. 2012) .......................................................................18

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
516 U.S. 199 (1996) .......................................................................................3, 19

**Statutes**

28 U.S.C. § 1292(b) ...........................................................1, 3, 11, 12, 19

47 U.S.C. § 227 .................................................................................................3

47 U.S.C. § 227(b) .......................................................................................*passim*

47 U.S.C. § 227(b)(3) ............................................................................18

47 U.S.C. § 227(b)(3)(A) ...........................................................10, 15, 18, 19

47 U.S.C. § 227(d) ..........................................................................14, 18

N.Y. Gen. Bus. Law § 396-aa ...............................................................*passim*

## Other Authorities

47 C.F.R. § 64.1200(a)(3)(iii) ....................................................................4

47 C.F.R. § 64.1200(a)(3)(iv) ....................................................................4

47 C.F.R. § 64.1200(a)(4)(iii) ....................................................................3

47 C.F.R. § 64.1200(a)(4)(iv) .............................................................3, 4, 5

Fed. R. Civ. P. 12(b)(6) .........................................................................14

Fed. R. Civ. P. 68 ...........................................................................*passim*

Fed. R. Civ. P. 68(a) ............................................................................6

Fed. R. Civ. P. 68(b) ............................................................................6

## INTRODUCTION

Bais Yaakov of Spring Valley ("Respondent" or "Plaintiff") respectfully submits this Answer in opposition to ACT, Inc.'s ("Petitioner" or "Defendant") Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) as certified by the District Court on January 22, 2014.   For the reasons set forth below, the Petition should be denied.

## SUMMARY OF ARGUMENT

This Court should not grant Petitioner's request to appeal the certified question in this case— whether a Rule 68 offer of judgment for full relief on a purported class action plaintiff's individual claims moots the entire case—because that question is neither controlling nor will its answer on appeal materially advance the ultimate termination of this litigation.  The reason that this is so is that Respondent made three alternative arguments below as to why even if the answer to the certified question is yes, this case cannot be dismissed for mootness/lack of subject matter jurisdiction.  In its January 22, 2014 Order ("the Certification Order") certifying its December 16, 2013 Order for interlocutory appeal, the District Court, recognizing that Respondent's three alternate arguments had to be ruled upon before it could make any certification decision, considered these arguments and ruled against Respondent.  The District Court made clear in its

Certification Order that should this Court answer the certified question in the affirmative, the District Court would dismiss the entire case upon remand.

While on the surface it would appear from the District Court's statement about dismissing this case if this Court were to decide the certified question in the affirmative that the certified question is both controlling and that its answer would materially advance the ultimate termination of this litigation, that is not the case. That is because upon the dismissal of this case by the District Court on remand, Respondent will immediately take an appeal to this Court with regard to the District Court's dismissal of Respondent's three alternative arguments. In other words, a second appeal to this Court will immediately follow the first, and a second panel of this Court will have to review the exact same record and make additional legal rulings based on that record. Should the second panel reverse based any one of the three of Respondent's alternative arguments concerning subject matter jurisdiction, the case would continue below, and 3 to 4 years would have elapsed, which is a conservative estimate for briefing, arguing and rendering decisions on two separate appeals before this Court. Therefore, it is apparent that the certified question is neither controlling nor will its answer on appeal materially advance the ultimate termination of this litigation.

Any argument that this Court could consider Respondent's three alternative arguments—concerning subject matter jurisdiction that the District Court ruled

upon on January 22, 2014—on the interlocutory appeal from the District Court's certified December 16, 2013 Order would be wrong. The Supreme Court has made absolutely clear that in a § 1292(b) interlocutory appeal from a certified order "[t]he court of appeals may not reach beyond the certified order to address other orders made in the case" and may only "address any issue fairly included in the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). *Accord United States v. Stanley*, 483 U.S. 669, 677 (1987).

In sum, it is plain that rather than being controlling and rather than its answer on appeal materially advancing the ultimate termination of this litigation, consideration of the certified question on interlocutory appeal will elongate these proceedings by years, and will lead to two successive appeals before different panels of this Court even if this Court were to rule in Petitioner's favor on interlocutory appeal. Accordingly, this Court should deny Petitioner permission to pursue an interlocutory appeal of the District Court's December 16, 2013 Order.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff brought this class action against Defendant for sending it three illegal fax advertisements and for sending thousands of illegal fax advertisements to persons throughout the United States in violation of the TCPA (47 U.S.C. 227), the regulations promulgated thereunder, including 47 C.F.R. §§ 64.1200(a)(4)(iii), 64.1200(a)(4)(iv), and N.Y. Gen. Bus. Law ("GBL") § 396-aa. *See* Doc. 1

3

(Complaint) ¶¶ 8-18.[1]

The Complaint alleged that Defendant's fax advertisements had violated all of the opt-out notice requirements of the TCPA and that under the TCPA, statutory damages of $500 to $1,500 were available for each individual violation. Doc. 1 ¶¶ 14, 27. In other words, the Complaint alleged that Defendant's multiple statutory and regulatory violations in each fax advertisement would lead to awards of multiple statutory damages per fax advertisement. In total, the Complaint requested an award of from in excess of $1,500,000 to an award in excess of $4,500,000 for Plaintiff and each of the two classes claiming violations of the TCPA and the regulations promulgated thereunder. Doc. 1, Prayer for Relief ¶¶ 2-3.

The Complaint also requested, that the Court issue an injunction against Defendant prohibiting Defendant from committing further violations of the TCPA and the regulations promulgated thereunder, without limiting the benefit of that injunction to Plaintiff alone. Doc. 1, Prayer for Relief ¶ 4.

In addition, the Complaint alleged that the Plaintiff and one of the classes were entitled to $100 for each violation of GBL § 396-aa, Doc. 1 ¶¶ 29-32, thus

---

[1] References to "Doc." followed by a number refer to the document number on the District Court docket sheet.

When the Complaint was filed, the TCPA regulations at issue were numbered § 64.1200(a)(3)(iii) and § 64.1200(a)(3)(iv).

making clear that multiple violations of GBL § 396-aa in a single fax advertisement would lead to multiple statutory damage awards of $100 for that single fax advertisement.  In total, the Complaint requested an award in excess of $300,000 for Plaintiff and the class claiming violations of GBL §396-aa.  Doc. 1, Prayer for Relief ¶ 5.

On August 2, 2013, Defendant served an offer of Judgment ("OOJ") on Plaintiff pursuant to Fed. R. Civ. P. 68.  Doc. 35, Ex. A.  In that offer, Defendant stated that it was offering to pay Plaintiff:

(1) $1,600 per fax for four facsimiles that were attached to Defendant's offer (triple the basic $500 statutory damages under the TCPA plus $100 in statutory damages under GBL § 396-aa), which Defendant believed were the maximum statutory damages to which Plaintiff was entitled under the TCPA and GBL § 396-aa for those faxes.  OOJ at 1;

(2) $1,600 for each additional facsimile that Plaintiff could produce that Defendant sent to Plaintiff during the time period covered by the Complaint. OOJ at 2.

(3) Four times the actual monetary loss Defendant caused to Plaintiff by sending Plaintiff each fax, (triple actual damages under the TCPA and damages under GBL § 396-aa), to the extent that each individual fax caused

5

more than $500 of actual damages to the Plaintiff. *Id*;

(4) Court costs described in Rule 68(a) in an amount to be determined by the Court. *Id.*;

(5) Reasonable attorney's fees, but only if the court determines that Plaintiff would be entitled to reasonable attorney's fees if it prevailed on any of its claims asserted in the lawsuit. *Id.*;

(6) the entry of an injunction against Defendant from sending any facsimiles *to Plaintiff* that would violate the TCPA or any applicable state law then in effect, and from otherwise communicating with *Plaintiff* in any manner that violates the TCPA. *Id.* (emphasis added).

Plaintiff filed its motion for class certification on August 6, 2013, Docs. 18-21, and did not accept Defendant's OOJ within the 14 day period provided under Fed R. Civ. P. 68(a). Accordingly, the offer was considered withdrawn. Fed R. Civ. P. 68(b).

### A.    Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Response

On September 4, 2013, Defendant filed a motion to dismiss this case for lack of subject matter jurisdiction. Docs. 24, 25. Specifically, Defendant claimed that because it had made an offer of judgment to Plaintiff for what it believed was the

complete individual relief to which Plaintiff was entitled, this case had been rendered moot and had to be dismissed. Doc. 25. In its opposition to that motion, Plaintiff made four arguments.

First, Plaintiff contended that an unaccepted Rule 68 offer of judgment does not moot a plaintiff's individual claims. *See* Doc. 30, at 6-17.

Second, Plaintiff maintained that even if an unaccepted Rule 68 offer of judgment for full individual relief could moot a plaintiff's individual claims, an offer of judgment, like the one in this case, that requires the court to determine, among other things, damages, attorney's fees and costs, would not moot the case. *Id.* at 17-21.

Third, Plaintiff argued that even if an unaccepted Rule 68 offer of judgment could moot an individual's claims, Plaintiff's claims would still be live, because Defendant's offer of judgment did not offer all of the individual relief that Plaintiff requested and to which Plaintiff is entitled. *Id.* at 22-32. Specifically, Plaintiff pointed out that each of the fax advertisements that Defendant sent violated the TCPA and the regulations promulgated under 47 U.S.C. § 227(b) in multiple ways, and that therefore, Plaintiff was entitled to multiple statutory damages per fax. *Id.* at 22-26. In support of its argument, Plaintiff cited the plain language of the TCPA and decisions by other courts that had held that a plaintiff could recover multiple statutory damages for multiple statutory and regulatory violations in a single fax or

7

other communication prohibited under the 47 U.S.C. § 227(b). *Id.* at 22-23 (citing in *Charvat v. Ryan*, 168 Ohio App. 78, 87-89(2006), *aff'd in part & rev'd in part on other grounds*, 116 Ohio. St. 394 (2007); *Burdge v. Association Health Care Management, Inc.*, No. 1:08 CV 00509, 2009 WL 414595, *3 (S.D. Ohio February 18, 2009); *Larry v. Genelex Corp.*, No. CV-2002-002003, at 1-3 (Ala. Cir. Dec. 21, 2009)(Doc. 35, Ex. B)). Plaintiff also cited the Second Circuit's case of *F.A.A. v. Landy*, 705 F.2d 624 (2d Cir.) cert. den., 464 U.S. 895 (1983) in which the Second Circuit held that a defendant who had violated one regulatory prohibition, and by doing so necessarily violated numerous other regulations, was liable for statutory damages for each of the regulatory violations. *Id.* at 23-24.

Along similar lines, Plaintiff's contended that Defendant's offer of judgment, which only provided for an injunction that prohibited Defendant from violating the TCPA vis-a-vis Plaintiff, did not satisfy Plaintiff's request for an injunction against Defendant from committing further violations of the TCPA against anybody, which was fully supported by the plain language of the TCPA. *Id.* at 26-27. Plaintiff also maintained that Defendant's offer of judgment, which did not offer multiple statutory damage awards for multiple violations of GBL 396-aa in each fax, also did not satisfy Plaintiff's request for such relief. *Id.* at 27-28.

Moreover, Plaintiff argued that even if this Court were to determine that Plaintiff was wrong, and that (1) multiple statutory damages for multiple violations

8

of the TCPA and the regulations promulgated thereunder per fax were not
available; (2) injunctive relief under the TCPA in favor of anyone other than a
plaintiff was not available; and (3) that multiple statutory damages per fax were not
available under GBL § 396-aa, this case could still not be dismissed for lack of
subject matter jurisdiction. That was because, as Plaintiff argued, "'[s]ubject matter
jurisdiction does not depend on the plaintiff's ability to prove the elements of the
cause of action in their complaint. The complaint must merely demonstrate that the
matter in controversy arose under the Constitution or laws of the United States.'"
*Id.* at 29 (quoting *Ortiz De Orroyo v. Barcelo*, 765 F.2d 275, 279 (1st Cir. 1985)).
Indeed, Plaintiff specifically pointed out that to dismiss this case because the Court
concluded that the Plaintiff's claims did not state a cause of action "would 'confuse
the issue of the district court's authority to hear a case with the issues of adequacy
of the complaint and the plaintiffs' ability to prevail on the merits of their claim.'"
*Id.* (quoting *Barcelo*, 765 F.2d at 279).  Citing, among other cases, the Supreme
Court's decision in *Bell v. Hood,* 327 U.S. 678, 682 (1946), Plaintiff maintained
that this Court could only dismiss this case for lack of subject matter jurisdiction if
this Court found that Plaintiff's claims for multiple statutory damages under the
TCPA for multiple statutory and regulatory violations per fax, injunctive relief
under the TCPA in favor of persons other than Plaintiff, and multiple statutory
damages for multiple violations of GBL § 396-aa appeared to be immaterial and

9

made solely for the purposes of obtaining jurisdiction, or were wholly insubstantial and frivolous. *Id.* at 30-31.

Plaintiff asserted that because the significant case law cited above supported Plaintiffs' contention that a single fax that contains multiple statutory and/or regulatory TCPA violations requires multiple statutory awards, and because Plaintiff's claim was an important part of its complaint, Plaintiff's TCPA damage claims were, at the very least, not wholly insubstantial or frivolous such as to justify their dismissal for lack of subject matter jurisdiction under *Bell* and its progeny. *Id.* at 31.

Plaintiff also maintained that the plain language of the TCPA, which stated a person could bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation," 47 U.S.C. § 227(b)(3)(A), was not in any way limited to enjoining "such violation" against the Plaintiff alone. Therefore, at the very least, Plaintiff's claims to an injunction against Defendant which extended beyond Plaintiff was not frivolous or so utterly insubstantial as to support a dismissal for lack of subject matter jurisdiction. *Id.* at 31-32.

In addition, Plaintiff maintained that its arguments regarding multiple statutory damages per fax under GBL § 396-aa were also not frivolous or so utterly insubstantial as to support a dismissal for lack of subject matter jurisdiction. *Id.* at

32.

Finally, citing *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980),

among other cases, Plaintiff argued that that even if its individual claims had been

satisfied by Defendant's offer of judgment, this case could not still not be

dismissed as moot because Plaintiff still has an interest in representing the class

and has an economic interest in shifting attorney's fees and costs to class members

and in obtaining an incentive award.  Doc. 30 at 32-34.

### B.    The District Court's Decision on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

On December 16, 2013, this Court denied Defendant's motion to dismiss for

lack of subject matter jurisdiction, ruling that an unaccepted Rule 68 offer of

judgment for full individual relief does not moot a plaintiff's individual claims.

Doc. 47.  Because the District Court agreed with Plaintiff's first argument in

opposition to defendant's motion to dismiss for lack of subject matter jurisdiction,

the Court did not reach any of the Plaintiff's alternative arguments.

### C.    Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b)

On December 23, 2013, Defendant filed a motion requesting the District

Court to certify for interlocutory appeal its December 16, 2013 ruling denying

Defendant's motion to dismiss for lack of subject matter jurisdiction. Doc. 50.

Defendant contended that courts all over the country had split on the question of

whether a Rule 68 offer of judgment for full relief on a plaintiff's individual claims moots the plaintiff's case, that that issue was controlling and that resolution of that issue would materially advance the ultimate termination of this litigation. *Id.*; Doc 62.

In opposition, Plaintiff argued that that issue was not controlling and that resolution of that issue would not materially advance the ultimate termination of this litigation because even if that issue were resolved in Defendant's favor on appeal, the District Court would still have to contend with the alternative arguments contained in Plaintiff's opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff maintained that none of the alternative arguments could be dismissed for lack of subject matter jurisdiction and that none of them satisfied the requirements for interlocutory certification pursuant to 28 U.S.C. § 1292(b).  Docs 57, 61.

### D.    The Court's Decision on Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b)

On January 22, 2014, the District Court issued an order granting Defendant's motion for certification of the court's December 16, 2013 order for interlocutory appeal.  Doc. 63.  First, the court held that there was a substantial ground for difference of opinion on the issue of whether a Rule 68 offer of judgment for complete individual relief moots a purported class plaintiff's cause of action.  *Id.* at 2.

12

The Court then recognized that Plaintiff had made three alternative arguments in support of the position that the District Court had subject matter jurisdiction over this case notwithstanding Defendant's offer of judgment. *Id.* at 2-3.  The District Court determined that these alternative arguments had to be decided before it could rule on whether the question that Defendant wished certified for interlocutory appeal was truly controlling, and whether its resolution would materially advance the termination of this litigation. *Id.* Accordingly, the District Court reviewed each of the alternative arguments in turn. *Id.*

First, the District Court acknowledged that when an offer of judgment leaves the amount of relief to be granted to a plaintiff to be determined by the court, then that offer of judgment does not moot the plaintiff's claim. *Id.* at 3.  The District Court ruled however, that in this case, the actual amount of damages to be awarded to Plaintiff was not left to the Court to determine, but rather the statutory damages could be calculated based on the specific number of faxes that Plaintiff claimed that it received. *Id.* Moreover, the District Court held that under First Circuit precedent, a case could be considered moot even if the question of attorney's fees still needed to be decided. *Id.* at 3-4.  Accordingly, the District Court maintained that defendant's offer of judgment did not leave anything for the Court to calculate that would prevent the case from being considered moot. *Id.*

Second, the District Court rejected Plaintiff's argument that because

13

Defendant had not offered plaintiff the multiple statutory damages per fax to which

Plaintiff was entitled, Defendant's offer of judgment did not render Plaintiff's

TCPA claims moot. *Id.* at 4-5. However, in doing so, the District Court utilized

the Rule 12(b)(6) standard to determine whether the Plaintiff's claim for multiple

statutory damages per fax had stated a cause of action rather than the correct

standard that must be used in determining whether a claim should be dismissed for

lack of subject matter jurisdiction, i.e., whether the claim under the Constitution or

federal statute appears to be immaterial and made solely for the purpose of

obtaining jurisdiction or whether such a claim is wholly insubstantial and

frivolous. *Id.* The Court made the same mistake in determining that Plaintiff's

claims for multiple statutory damages under N.Y. GBL § 396-aa and for injunctive

relief had to be dismissed. *Id.*

Besides using the improper standard to determine whether Plaintiff's

argument that it was entitled to multiple statutory damages under the TCPA for

faxes that contained multiple statutory and/or regulatory violations, the Court also

concluded that such multiple statutory damages were not available because there

was no private right of action for violations of the technical and procedural

requirements described under 47 U.S.C. § 227(d). *Id.* at 4. However, the court

overlooked the fact that the statutory and regulatory subsections that Plaintiff

claimed Defendant's faxes violated were either subsections of 47 U.S.C. § 227(b)

14

and/or regulations promulgated pursuant to 47 U.S.C. § 227(b), and therefore clearly actionable.

In addition, notwithstanding the fact that the plain language of 47 U.S.C. § 227(b)(3)(A) nowhere limits the injunction it authorizes to a plaintiff alone, and notwithstanding well-settled case law that holds that district courts have the power to enjoin illegal acts of a defendant against non-parties where, as here, those future illegal acts can be anticipated from defendant's past conduct, *see, e.g., U.S. v. Ward Baking Co.*, 376 U.S. 327, 331-333 (1964), the District Court held that an injunction could only be issued in favor of Plaintiff because no classes had yet been certified in this case. Doc. 63 at 5. Accordingly, the District Court held that the OOJ's offer of an injunction in favor of Plaintiff alone afforded Plaintiff all of the relief to which it was entitled.

The Court went on to rule that under First Circuit precedent, Plaintiff's interest in representing a class was an insufficient basis to render this case live. *Id.* at 5. The Court also ruled that Plaintiff's interest in shifting the costs of attorney's fees incurred to a class and Plaintiff's interest in an incentive award were an insufficient basis to argue that Plaintiff's claims were still live. *Id.* at 6.

Once the Court concluded that none of the Plaintiffs alternative arguments had merit, the Court determined that the question of whether a Rule 68 offer of judgment that satisfies a purported class plaintiff's individual claims moots the

entire case was controlling and that its resolution would materially advance the termination of this litigation. Accordingly, the Court certified its December 16, 2013 Order for interlocutory appeal. *Id.* at 6-7.

The District Court made clear in its Certification Order that should this Court answer the certified question in the affirmative, the District Court would dismiss the entire case upon remand. *Id.* at 6.

**POINT**

**THIS COURT SHOULD DENY PETITIONER'S REQUEST FOR PERMISSION TO APPEAL**

This Court should not grant Petitioner's request to appeal the certified question in this case— whether a Rule 68 offer of judgment for full relief on a purported class action plaintiff's individual claims moots the entire case—because that question is neither controlling nor will its answer on appeal materially advance the ultimate termination of this litigation. In fact, even if that certified question were answered on appeal in Petitioner's favor, that would not expedite the ultimate termination of this litigation. Rather, that would lead to an immediate second appeal to this Court, where a second panel would be forced to review the record a second time in order to rule on the three alternative legal arguments that Respondent made below. A ruling in favor of Respondent on even one of those issues would mean that this case would continue, but approximately two to four years will have passed as a result of the two unnecessary appeals.

16

As is apparent from the above, errors in the District Court's January 22, 2014 decision led that court to erroneously conclude that none of Respondent's alternative arguments saved this case form dismissal for lack of subject matter jurisdiction.

First, and most importantly, in considering whether Respondent's alternative arguments concerning the availability of multiple statutory damages for multiple statutory and regulatory violations per fax under the TCPA, and the availability of a general injunction against Petitioner prohibiting violation of the TCPA against anyone, were sufficient to prevent the dismissal of this case for lack of subject matter jurisdiction, the District Court utilized the wrong standard;  The District Court improperly utilized the standard for determining whether Respondent's alternative claims stated a cause of action rather than the proper standard under a motion to dismiss for lack of subject matter jurisdiction which is whether the alternative claims appears to be immaterial and made solely for the purpose of obtaining jurisdiction or whether such a claims are wholly insubstantial and frivolous.  *See, e.g., Bell v.* Hood, 327 U.S. 678, 682-683 (1946); *Ortiz De Orroyo v. Barcelo*, 765 F.2d 275, 279 & n.6 (1st Cir. 1985).   Had the District Court used the proper standard, the District Court would have had to conclude that one or more of Respondent's alternative arguments could not be dismissed for lack of subject matter jurisdiction.

17

Second, the District Court also made an error of law when it concluded that because there is no private right of action under 47 U.S.C. § 227(d), the statutory and regulatory violations that Respondent claimed under the TCPA were not individually actionable.  But, Respondent's statutory claims were for violations of 47 U.S.C. § 227(b) and the regulations promulgated thereunder, not 47 U.S.C. § 227(d) and the regulations promulgated thereunder, and therefore, Respondent's claims were actionable pursuant to the plain language of 47 U.S.C. § 227(b)(3). *See* 47 U.S.C. § 227(b)(3)(A)("A person or entity may . . . bring . . . an action **based on a violation of this subsection or the regulations prescribed under this subsection**. . . . [emphasis added]), (b)(3)(B)(authorizing an action for actual or statutory damages for such violations); *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp.2d 272, 284-287 (S.D.N.Y. 2013) (holding that there is a private right of action for violations of the opt-out notice requirements in 47 U.S.C. § 227(b) and the regulations promulgated thereunder and distinguishing cases that hold that there is no cause of action for claims under 47 U.S.C. § 227(d) and the regulations promulgated thereunder); *A Aventura Chiropractic Center, Inc. v. Med Waste Management LLC*, No. 12 CV 21695. 2013 WL 3463489, *3 (S.D. Fla. July 2, 2013)(holding that there is a private right of action for violations of the opt-out notice requirements in 47 U.S.C. § 227(b) and the regulations promulgated thereunder); *Vandervort v. Balboa*, 287 F.R.D. 554, 560-561 (C.D. Cal.

2012)(same).

Finally, the District Court made an error of law when it ignored the plain language of 47 U.S.C. § 227(b)(3)(A), which permits injunctions in favor of persons in addition to the plaintiff who brings a TCPA case, and when it ignored well-settled case law that holds that district courts have the power to enjoin illegal acts of a defendant against non-parties where, as here, those future illegal acts can be anticipated from defendant's past conduct. *See, e.g., U.S. v. Ward Baking Co.*, 376 U.S. 327, 331-333 (1964).

Because the District Court made these rulings in its January 22, 2014 Order, this Court will not have the jurisdiction, should it grant Petitioner's request for interlocutory appeal of the December 16, 2013 Order, to address any of these issues.  That is because on an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "[t]he court of appeals may not reach beyond the certified order to address other orders made in the case" and may only "address any issue fairly included in the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).  *Accord United States v. Stanley*, 483 U.S. 669, 677 (1987).

If this Court were to rule in favor of Respondent on the certified question, then this case would continue and no time will have been saved.  If this Court were to rule in favor of Petitioner on interlocutory appeal, the case would be remanded to the District Court and that Court would dismiss this case, as it said it would in

19

its January 22, 2014 opinion.  *See* Doc. 63 at 6.  However, that dismissal would not be the end of the case.  Rather, Respondent would take an immediate appeal to this Court and a second panel would be forced to review the record a second time to rule on the three alternative legal arguments that Respondent made below.  A ruling in favor of Respondent on even one of those issues would mean that this case would continue, but approximately two to four years would have passed as a result of the two unnecessary appeals.

As is apparent, granting Petitioner's permission to appeal will not lead to any judicial efficiency or economy.  It will lead to quite the opposite, possibly up to four years of delay without having moved this case forward one iota.  Accordingly, Petitioner's request for permission to appeal should be denied.

## CONCLUSION

Petitioner's request for permission to appeal should be denied.

Dated: White Plains, New York
　　　February 5, 2014

Respectfully submitted.

BELLIN & ASSOCIATES LLC

By: /s/ Aytan Y. Bellin　　　　
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

*Attorneys for Respondent*

20